**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| ROSA L. FLORES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-458-PRC |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Deputy Commissioner for Operations, | ) | |
| Social Security Administration, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Rosa L. Flores on

November 3, 2017, and on an Opening Brief of Plaintiff in Social Security Appeal Pursuant to L.R.

7.3 [DE 23], filed by Plaintiff on June 26, 2018. Plaintiff requests that the March 24, 2016 decision

of the Administrative Law Judge denying her claim for disability insurance benefits and

supplemental security income be reversed and remanded for an award of benefits or for further

proceedings. On August 21, 2018, the Deputy Commissioner filed a response, and Plaintiff filed a

reply on October 30, 2018. For the following reasons, the Court grants Plaintiff's request for

remand.

## PROCEDURAL BACKGROUND

On June 27, 2011, Plaintiff filed applications for disability insurance benefits and

supplemental security income, alleging disability as of March 25, 2009, which has been amended

to November 5, 2010. The applications were denied initially and on reconsideration. Administrative

Law Judge (ALJ) Maryann Bright held a hearing and ultimately denied benefits. On February 9,

2015, Magistrate Judge Andrew P. Rodovich, presiding by consent of the parties, granted Plaintiff's

request to remand the matter to the agency for further proceedings. On remand, the Appeals Council

remanded the matter to ALJ Stephanie Katich for a hearing and new decision. The ALJ held a

hearing on February 17, 2016. In attendance at the hearing were Plaintiff, Plaintiff's attorney,

Plaintiff's son, and an impartial vocational expert. Plaintiff testified with the assistance of a Spanish

interpreter. On March 24, 2016, the ALJ issued a written decision denying benefits, making the

following findings:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2014.

2. The claimant has not engaged in substantial gainful activity since March 25, 2009 [*sic*], the alleged onset date.

3. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, status post L5 hemilaminectomy and discectomy; bilateral knee osteoarthritis; obesity; pain disorder; hypothyroidism; vitamin D deficiency; and, depression.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can stand and/or walk for two hours in an eight-hour workday; she can occasionally climb ramps and stairs; she can never climb ladders, ropes, or scaffolds; she can occasionally balance, stoop, kneel, crouch, and crawl; and, she should avoid all exposure to wetness and humidity, uneven surfaces, unprotected heights, and hazards such as dangerous machinery. In addition, due to a combination of the claimant's impairments and impairment-related symptoms, including any loss of concentration, persistence, or pace due to her pain symptoms, the claimant can understand, remember, and carry out simple instructions, she can make judgments on simple work-related decisions, she can respond appropriately to supervisors, coworkers, and the public, she can respond to usual work situations, and she can deal with routine changes in a routine work setting.

6. The claimant is unable to perform any past relevant work.

7.  The claimant was born [in 1968] and was 41 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.
8.  The claimant is illiterate and is able to communicate in English.

9.  Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from March 25, 2009, through the date of this decision.

(AR 535-50).

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner. *See* 20 C.F.R. §§ 404.981, 416.1481. Plaintiff filed this civil action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) for review of the Agency's decision.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

**STANDARD OF REVIEW**

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that [a reviewing court] may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of

evidence, but must provide a 'logical bridge' between the evidence and [her] conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## DISABILITY STANDARD

To be eligible for disability benefits, a claimant must establish that she suffers from a "disability" as defined by the Social Security Act and regulations. The Act defines "disability" as an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, the claimant's impairment must not only prevent her from doing her previous work, but considering her age, education, and work experience, it must also prevent her from engaging in any other type of substantial gainful activity that exists in significant numbers in the economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f).

When a claimant alleges a disability, Social Security regulations provide a five-step inquiry to evaluate whether the claimant is entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The steps are: (1) Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled, and the claim is denied; if no, the inquiry proceeds to step two; (2) Does the claimant have an impairment or combination of impairments that are severe? If no, the claimant is not disabled, and the claim is denied; if yes, the inquiry proceeds to step three; (3) Do(es) the impairment(s) meet or equal a listed impairment in the appendix to the regulations? If yes, the claimant is automatically considered disabled; if no, then the inquiry proceeds to step four; (4) Can the claimant do the

claimant's past relevant work? If yes, the claimant is not disabled, and the claim is denied; if no, then the inquiry proceeds to step five; (5) Can the claimant perform other work given the claimant's residual functional capacity (RFC), age, education, and experience? If yes, then the claimant is not disabled, and the claim is denied; if no, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v); *see also Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

At steps four and five, the ALJ must consider an assessment of the claimant's residual functional capacity (RFC). The RFC "is an administrative assessment of what work-related activities an individual can perform despite [her] limitations." *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001). The RFC should be based on evidence in the record. *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(3)). The claimant bears the burden of proving steps one through four, whereas the burden at step five is on the ALJ. *Zurawski*, 245 F.3d at 885-86; *see also Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

## ANALYSIS

Plaintiff seeks remand, arguing that the ALJ erred in describing Plaintiff's educational level to the vocational expert (VE) at step 5 of the regulatory framework, in crafting Plaintiff's RFC, and in relying on an "outdated" medical assessment. Because the ALJ did not meet her burden at step 5 of the sequential process, the case will be remanded.

At step 5, the pertinent question is whether Plaintiff can perform other work in light of her RFC and her "vocational factors," that is, her age, education, and work experience. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). The ALJ can meet her burden at step 5 "via the testimony of a vocational expert addressing whether there are a significant number of jobs which the particular claimant can actually perform." *Naudain v. Apfel*, 119 F. Supp. 2d 812, 818 (C.D. Ill. 2000).

The Social Security regulations divide education into four categories: illiteracy, marginal education, limited education, and high school education and above. 20 C.F.R. §§ 404.1564(b), 416.1564(b). The ALJ found that Plaintiff is illiterate. (AR 549). The ALJ further found that "[c]onsidering [Plaintiff's] age, *education*, work experience, and residual functional capacity," Plaintiff could perform jobs that exist in significant numbers in the national economy. (AR 550 (emphasis added)). However, the ALJ told the VE that Plaintiff had a marginal education. (AR 626 ("I want you to assume a hypothetical individual with the Claimant's education, which is a marginal education, we describe as marginal.")). That is, the VE's testimony that the ALJ relies on to carry her burden at step 5 is about a hypothetical person with Plaintiff's RFC, age, and work experience but with a higher level of education than Plaintiff has.

The Commissioner asserts that the ALJ only needed to orient the VE as to Plaintiff's medical limitations as expressed in her RFC. Having done so, the Commissioner argues, the ALJ's finding at step 5 is supported by substantial evidence. However, Plaintiff does not argue that there is error in the step 5 finding because the VE was not properly informed of all of the limitations in her RFC. Instead, she argues that her educational level was misstated. The educational level is separate from the RFC, and jobs in significant numbers that Plaintiff can perform in light of both her educational level and her RFC must exist for Plaintiff to be found not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The Commissioner also argues that the ALJ's decision should be affirmed because the VE testified that the collator job could be performed by an individual who cannot read, so any error is harmless. The Dictionary of Occupational Titles (DOT) provides that the jobs of Collator (DOT #

653.687-010) and Assembler II (DOT# 739.687-030) require a language development level of 1,[1] which the DOT defines as

> Reading:
> Recognize meaning of 2,500 (two- or three-syllable) words. Read at rate of 95-120 words per minute.
> Compare similarities and differences between words and between series of numbers.
>
> Writing:
> Print simple sentences containing subject, verb, and object, and series of numbers, names, and addresses.
>
> Speaking:
> Speak simple sentences, using normal word order, and present and past tenses.

DOT App'x C § III, 1991 WL 688702.

Social security regulations define illiteracy as follows: "Illiteracy means the inability to read or write. We consider someone illiterate if the person cannot read or write a simple message such as instructions or inventory lists even though the person can sign his or her name." 20 C.F.R. §§ 404.1564(b)(1), 416.964(b)(1).

Thus, when the VE testified that the collator job could be performed by an individual who cannot read, the VE's testimony conflicted with the DOT. *See Pulido v. Colvin*, No. 13 C 0164, 2014 WL 3642241 *3 (N.D. Ill. July 23, 2014) (finding that, according to the DOT definitions, Plaintiff's illiteracy indicates that she is not capable of performing a job at DOT language development level 1). When such a conflict exists, Social Security Ruling 00-4p instructs the ALJ to resolve the conflict between the testimony and the DOT. SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000).

Furthermore, at the hearing, the VE acknowledged that his testimony conflicted with the DOT where he indicated that his testimony was based on "personal experience and . . . observations

---

[1] Plaintiff incorrectly states that the jobs require a language development level of 2.

in the labor market." (AR 646). The VE testified that, *based on his observations*, a person could perform the collator job without being able to read, (AR 636-37).

Despite this testimony, the ALJ "determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (AR 550). Thus, the ALJ did not resolve the conflict between the VE's testimony and the DOT.

In sum, the ALJ did not ask hypothetical questions of the VE that matched Plaintiff's vocational factor of education and did not resolve a conflict in the VE's testimony. The ALJ has not met her burden at step 5, and the step 5 determination is not based on substantial evidence. This matter must be remanded to the agency for further proceedings.

Because this issue is dispositive of the case, the Court need not address Plaintiff's remaining arguments.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Opening Brief of Plaintiff in Social Security Appeal Pursuant to L.R. 7.3 [DE 23], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further proceedings consistent with this Opinion and Order.

So ORDERED this 28th day of November, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT